SHERMAN *v.* SHERMAN.

CANCELLATION OF INSTRUMENTS—EVIDENCE—SUFFICIENCY.

On a bill to cancel, for failure of consideration, a deed given in consideration of a life support, evidence examined, and *held*, that a decree appointing a receiver of the property, and awarding certain sums from the income thereof to complainant for his support, was proper, after some modification in the amount awarded.

Appeal from Ingham; Wiest, J. Submitted May 1, 1906. (Docket No. 131.) Decided July 3, 1906.

Bill by John Sherman against John Carr Sherman to set aside a deed. From the decree rendered, defendant appeals. Modified and affirmed.

*Person & Person*, for complainant.

*Arthur J. Tuttle* (*Q. A. Smith* and *O. J. Hood*, of counsel), for defendant.

MONTGOMERY, J. A father reaching an age when he feels himself unable to keep up the struggle for the protection of his own, and to withstand the buffets received in contact with his fellows, all struggling for material gain, turns to his only son, and bestows upon him every dollar of his earthly possessions in consideration of a promise of support during life. The son, once in possession, discovers and, perhaps, magnifies the father's faults in respect of his habits of cleanliness and querulous fault-finding. The point of view is changed. The son is now the master, and as the possession of means appeals to his cupidity finds, in facts and circumstances which while not trivial in the ordinary sense are yet trivial when measured as against the obligations of filial duty, an excuse for withholding from the father such support as his great age

and increasing infirmities entitle him to. It is the old, old story, the pathos of which is not lessened by its too frequent recurrence. Such is this case.

Complainant was at one time in comfortable circumstances. He lived at Onondaga, a small community, which was supposed to have a prospect for a better future. His investments were almost exclusively in real estate, consisting of a small hotel, a number of small houses and lots, and a small farm. The expectations of the village's growth were not realized. Ill luck seems to have been his constant attendant, until we find him in 1896 with real property assessed at $3,250 and debts of $3,076.59. He also owned a small amount of personal property the value of which is stated in the bill of sale at $250.

The proof shows the real property to have been worth much more than its assessed value; but it is beyond question that his affairs were in such shape that careful management was essential to the preservation of his equities. He had not been on the best of terms with defendant; but in this stress he turned to him, made over his entire property in consideration for defendant's promise to pay off the incumbrances, and to support him for life. Defendant has managed the estate frugally, has paid off a portion of the incumbrances, but in doing so, has provided the complainant with no such support as was contemplated.

The only question about which there can be a doubt in the case relates to the measure of relief to be accorded to the complainant. The circuit judge granted $100 in gross, $250 for expenses, and $50 a month. It is complained that the court had not power to grant a solicitor's fee of $250. We do not pause to discuss this question but allow the item at $150, as we think the testimony shows that at least that sum is due complainant for support withheld from him since 1896. So also of the sum of $100, allowance in gross. Considering the meager estate conveyed to defendant, and his own circumstances, as well as the beforetime manner of life of complainant,

we are of the opinion that the allowance for support is larger than the facts justify. We fix the amount at $360 per year, payable monthly. There should be deducted from the taxable costs any portion thereof paid by defendant in advance. A reasonable time will be allowed for payment of the sums in gross, to be determined on settlement of the decree. The receivership will be continued. No costs will be awarded in this court.

McALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.